IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Pierce Division

CASE NO. 16-CV-14533

| | |
|---|---|
| PATRICIA KENNEDY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| IDELLA, LLC and MOMANDEM2, INC. a/a/o LA GRANJA RESTAURANT OF STUART, | ) ) ) ) |
| Defendants. | ) ) ) |

## COMPLAINT

Plaintiff PATRICIA KENNEDY (**"Plaintiff"**), pursuant to the Americans with Disabilities Act 42 U.S.C. §§ 12101–12103, 12181–12205a ("**ADA**"), the American with Disabilities Act Accessibility Guidelines 28 C.F.R. § 36 ("**ADAAG**"), Florida Americans with Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction sections 553.501–553.513, Florida Statutes, including the Florida Building Code Chapter 11 ("**FADAI**"), hereby sues Defendant IDELLA, LLC ("**Defendant Idella**") and Defendant MOMANDEM2, INC. d/b/a LA GRANJA RESTAURANT OF STUART ("**Defendant La Granja**") (Collectively **"Defendants")** for injunctive relief and states:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims under the ADA.

2. This Court also has supplemental jurisdiction over all State law claims pursuant to 28 U.S.C. § 1367(a) for Plaintiff's claims under the FADAI.

3. Venue in this district is proper under 28 U.S.C. § 1391 because the real property that is the subject of this action is located in, and the acts or omissions giving rise to this action occurred in, the Southern District of Florida.

## PARTIES

4. Plaintiff is an individual over 18 years of age, *sui juris*, who is a resident of the State of Florida.

5. Plaintiff is a qualified individual under the ADA and the FADAI because she is a disabled individual who has physical impairments that substantially limits one or more major life activities.

6. Specifically, Plaintiff has physical impairments that require her to use a wheelchair to ambulate.

7. Defendant Idella is Florida Limited Liability Corporation authorized to do business in Martin County, Florida.

8. Defendant Idella is the owner, lessor, or operator of real property (and the improvements made thereon) and related facilities located at 300 S.W. Federal Highway, Stuart, Florida 34994 (the "**Subject Premises**" or "**Facility**").

9. Defendant La Granja is a Florida Profit Corporation authorized to be business in Martin County, Florida.

10. Defendant La Granja is the lessor, lessee or owner of the **restaurant** located on the Subject Premises with same address 300 SW Federal Highway, Stuart, Florida 34994.

## GENERAL ALLEGATIONS

11. The Subject Premises is a place of public accommodation under the ADA and ADAAG because it is a Restaurant.

12. As a place of public accommodation, Defendants were required to remove from the Subject Premises and related facilities architectural barriers to the extent readily achievable as defined in 28 C.F.R. § 36.304 of the ADAAG.

13. Additionally, upon information and belief, the Subject Premises is one that was altered after January 26, 1992, as defined in 28 C.F.R. § 36.402 of the ADAAG.

14. Accordingly, Defendants were required to ensure that, to the maximum extent feasible, the altered portions of the Subject Premises were readily accessible to and useable by individuals with disabilities such as Plaintiff.

15. Plaintiff has knowledge that the Subject Premises is in violation of the ADA and FADAI and discriminating against individuals with disabilities.

16. In or about July 2016, Plaintiff visited the Subject Premises to conduct business– i.e., eat and purchase food–and encountered architectural barriers to access the Subject Premises.

17. Plaintiff sought, and seeks, to partake in the accommodations, privileges, and advantages of the services offered by Defendants; however, she was subjected to discrimination by Defendants on the basis of her disability due to Defendants' ADA and FADAI violations.

18. Plaintiff was not able to access the parking and restrooms.

19. Plaintiff shall return to the Subject Premises once the barriers violating the ADA and the FADAI are removed; however, Plaintiff is currently deterred from returning as a result of the barriers to access present at the Subject Premises.

20. Plaintiff will be denied full access to the Subject Premises, as provided by the ADA and the FADAI, unless the injunctive relief requested herein is granted.

21. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA and the FADAI by Defendants if said violations are not corrected and made compliant.

22. Plaintiff is also a tester for the purpose of asserting her civil rights by monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

23. Plaintiff desires to visit the Subject Premises again, not only to eat, but to assure herself that the Subject Premises is in compliance with the ADA and the FADAI thus ensuring that individuals with disabilities, including herself, will have full and equal enjoyment of the property without fear of discrimination.

24. Plaintiff has a real, continuing, and immediate threat of future discrimination by Defendants' violations of and non-compliance with the ADA and the FADAI because she plans on returning to the Subject Premises in the near future.

25. Defendants have discriminated and continue to discriminate against Plaintiff by denying her access to the Subject Premises and the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises in violation of the ADA by failing to remove architectural barriers so that the Subject Premises may be accessible to and usable by individuals with disabilities such as Plaintiff.

26. Defendants are in violation of the ADA, ADAAG, and FADAI and are discriminating against Plaintiff as a result of the following violations:

### Access to Main Entrance of the Facility

a. The access aisle for one of the accessible parking spaces has excessive slope and change in level.
b. Both of the accessible parking spaces have excessive cross slope.

### Seating Areas

c. No fully accessible table is provided.
d. There is insufficient accessible seating for the total number of standing and seating spaces.

### Restroom

e. The light switch in the restroom is located above allowable reach parameters.
f. The paper towel dispenser is located above allowable reach parameters.
g. The insulation beneath the lavatory in inadequate.
h. Items are placed in the required clear floor space beneath the lavatory thus preventing access thereto and encroaching into the clear floor space required for a safe transfer at the side of the commode.
i. There is insufficient clearance between the commode and the facing wall.

27. The discriminatory violations described herein may not be an exclusive list of Defendants' ADA and FADAI violations because Plaintiff was unable to access and assess all areas of the Subject Premises due to the architectural barriers encountered. A *complete* list of the Subject Premises' ADA and FADAI violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

28. By encountering the discriminatory conditions at Defendants' Facility, and knowing that it would be a futile gesture to return to the Facility unless Plaintiff is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting

the Subject Premises and deterred and discouraged from traveling to same when in contrast the Subject Premises is readily available to able bodied patrons and the general public.

29. By maintaining a place of public accommodation with ADA violations, Defendants deprive Plaintiff of the equal opportunity offered to the general public to freely travel and conduct business at the Subject Premises without fear of being subjected to discrimination.

30. Plaintiff retained undersigned counsel for the filing and prosecution of this action and has agreed to pay counsel reasonable attorneys' fees and costs incurred in this action for which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 12205.

31. Plaintiff demands a non-jury trial on all issues to be tried herein.

### COUNT I—CLAIM FOR INJUNCTIVE RELIEF
(Against Defendant Idella for ADA Violations)

32. Plaintiff re-avers and incorporates paragraphs 1–31 as if fully set forth herein.

33. This action arises pursuant to the ADA.

34. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendant Idella because of the Subject Premises' existing ADA violations.

35. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the ADA.

36. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

37. By continuing to operate the Subject Premises with discriminatory conditions in violation of the ADA and ADAAG, Defendant Idella contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

38. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff PATRICIA KENNEDY respectfully request this Court issue a permanent injunction enjoining Defendant IDELLA, LLC. from continuing its discriminatory practices, ordering Defendant Idella to alter the Subject Premises as appropriate to comply with the ADA and ADAAG, ordering Defendant Idella to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

### COUNT II—CLAIM FOR INJUNCTIVE RELIEF
### (Against Defendant La Granja for ADA Violations)

39. Plaintiff re-avers and incorporates paragraphs 1–31 as if fully set forth herein.

40. This action arises pursuant to the ADA.

41. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been

discriminated against and damaged by Defendant La Granja because of the restaurant's existing ADA violations.

42. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the restaurant without the relief demanded herein pursuant to the ADA.

43. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the restaurant.

44. By continuing to operate the restaurant with discriminatory conditions in violation of the ADA and ADAAG, Defendant La Granja contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

45. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the restaurant, make the restaurant readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the restaurant until the requisite modifications are complete.

WHEREFORE, Plaintiff PATRICIA KENNEDY respectfully requests this Court issue a permanent injunction enjoining Defendant MOMANDEM2, INC. d/b/a LA GRANJA RESTAURANT OF STUART from continuing its discriminatory practices, ordering Defendant La Granja to alter the Subject Premises as appropriate to comply with the ADA and ADAAG, ordering Defendant La Granja to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises

until the requisite modifications are completed, and for such further relief this court deems just and proper.

### COUNT III—CLAIM FOR INJUNCTIVE RELIEF
### (Against Defendant Idella for FADAI Violations)

46. Plaintiff re-avers and incorporates paragraphs 1–31 as if fully set forth herein.

47. This is an action for injunctive relief pursuant to FADAI.

48. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendant Idella because of the Subject Premises' existing FADAI violations.

49. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the FADAI.

50. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

51. By continuing to operate the Subject Premises with discriminatory conditions in violation of the FADAI, Defendant Idella contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

52. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to

the extent required by the FADAI, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff PATRICIA KENNEDY respectfully requests this Court issue a permanent injunction enjoining Defendant IDELLA, LLC from continuing its discriminatory practices, ordering Defendant Idella to alter the Subject Premises as appropriate to comply with the FADAI, ordering Defendant Idella to maintain accessible features at the premises, awarding the reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

## COUNT IV—CLAIM FOR INJUNCTIVE RELIEF
### (Against Defendant La Granja for FADAI Violations)

53. Plaintiff re-avers and incorporates paragraphs 1–31 as if fully set forth herein.

54. This is an action for injunctive relief pursuant to FADAI.

55. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendant La Granja because of the restaurant's existing FADAI violations.

56. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the restaurant without the relief demanded herein pursuant to the FADAI.

57. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the restaurant.

58. By continuing to operate the restaurant with discriminatory conditions in violation of the FADAI, Defendant La Granja contributes to Plaintiff's sense of isolation and segregation

and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

59. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the restaurant, make the restaurant readily accessible to, and useable by, individuals with disabilities to the extent required by the FADAI, and close the restaurant until the requisite modifications are complete.

WHEREFORE, Plaintiff PATRICIA KENNEDY respectfully requests this Court issue a permanent injunction enjoining Defendant MOMANDEM2, INC. d/b/a LA GRANJA RESTAURANT OF STUART from continuing its discriminatory practices, ordering Defendant La Granja to alter the Subject Premises as appropriate to comply with the FADAI, ordering Defendant La Granja to maintain accessible features at the premises, awarding the reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

Dated this 1st day of November, 2016.

          Respectfully submitted,

By:    s/ Rafael Viego III
        Rafael Viego III, Esq.
        Florida Bar. No. 60967
        Mario E. Lopez, Esq.
        Florida Bar No. 98061
        **FEDERAL DISABILITY ADVOCATES**
        *Attorneys for Plaintiff*
        4300 Biscayne Boulevard, Suite 305
        Miami, Florida 33137
        Telephone:  (305) 717-7530
        Facsimile:  (305) 717-7539
        E-mail:  mlopez@jltrial.com
        E-mail:  rviego@jltrial.com
        E-mail:  eservice@jltrial.com

MEL/RV/lp
0011.003